## IN THE SUPERIOR COURT
## OF GUAM

DCK PACIFIC GUAM LLC, )
)  Special Proceedings Case No.
Petitioner, )  SP0118-09
)
v. )
)
EDUARDO R. ORDONEZ, in his capacity )  **DECISION AND ORDER**
as Executive Director of the Contractors )  re: Writ of Mandate
License Board and RICHARD )
QUIAMBAO, in his capacity as Board )
Chairman of Contractors License Board, and )
the CONTRACTORS LICENSE BOARD of )
the Government of Guam, )
)
Respondents. )
_____ )

This matter came before the Honorable Judge Michael Bordallo on October 13, 2011. Petitioner was represented by Attorney Thomas McKee Tarpley. Respondents were represented by Assistant Attorney General David J. Highsmith. Having reviewed the motions, memoranda and record herein the court now issued the following decision and order.

## BACKGROUND

On July 9, 2009, Petitioner filed an exparte verified petition for alternative writ of mandate. It alleges that the Contractors License Board of the Government of Guam ("CLB") had improperly issued a May 21, 2009 decision and order imposing a $20,000.00 fine upon Petitioner when its tank fabrication company was found to not possess a current business registration and contractor's license. After the Petitioner presented evidence that a clerical error caused the non registration, CLB reduced the fine from $70,000.00 to the $20,000.00 indicated in its decision.

On August 15, 2011, the Petitioner filed an amended petition for alternative writ of mandate. On August 30, 2011 the court issued a corrected alternative writ of mandate ordering the Respondents to vacate the penalty assessment against Petitioner or alternately show cause for noncompliance.

ORIGINAL

## DISCUSSION

Pursuant to section 9240 of the "Administrative Adjudication Law" ("AAL"), the standard of review to be applied by a trial court, upon judicial review of the agency's action, is as follows: "If the agency decision is not in accordance with law or not supported by substantial evidence, the court shall order the agency to take action according to law or the evidence." 5 GCA § 9240 (2005). The court always reviews questions of law *de novo. Nissan Motor Corp. in Guam v. Sea Star Group Inc.*, 2002 Guam 5 ¶ 10. Further, the Court must weigh the record as a whole, weighing both the evidence that supports and evidence that detracts from the agency's decision. *Lopez v. Guerrero*, 882 F.Supp 952 (D. Guam App. Div. 1995) citing *Baxter v. Sullivan*, 923 F.2d 1391 (9th Cir. 1991). Additionally, the court must uphold the agency's decision where the evidence is susceptible to more than one rational interpretation. *Gallant v. Heckler*, 753 F.2d 1450, 1453 (9th Cir. 1984).

The court is required to affirm the CLB's findings of fact, and any conclusions resulting therefrom, if supported by substantial evidence. *Fagan v. Dell'Isola*, 2006 Guam 11 ¶ 11. This is because a reviewing body "may not substitute its views for those of the [agency], but instead must accept the [agency's] findings unless they are contrary to law, irrational, or unsupported by substantial evidence."*Id*. Thus, the court must first determine whether the CLB's decision was in accordance with law. 5 GCA § 9240 (2005); 22 GCA § 9122 (2005). Second, the court must determine whether the CLB's decision was supported by substantial evidence.[1] 5 GCA § 9240. "[S]ubstantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Bondoc v. Worker's Comp. Comm'n,* 2000 Guam 6 ¶ 6.

---

[1] The court need not decide whether the CLB's decision was supported by substantial evidence because the decision was not in accordance with law.

ORIGINAL

**Whether the CLB's decision was "in accordance with the law"**

In reviewing the CLB's decision and order, it is necessary to begin our discussion with whether the decision was in accordance with the law. In doing so, the court must determine whether the CLB's decision to impose a $20,000.00 fine upon Petitioner was legal. In their opposition memorandum, Respondents argue that the passage of P.L. 30-11 just a few days before the initial fine increased the permissible fines. Petitioner on the other hand argues that at the time it allegedly committed the offense, the rules and regulations of the CLB then in effect limited fines for violations to no more than $10,000.00. Thus, the issue before the court is what rules and regulations apply to the Petitioner's offense in the instant case.

There is a presumption against retroactive application of new laws to pending cases. *In re Arrowhead Estates Dev. Co.*, 42 F.3d 1306, 1311 (9th Circ. 1994). Also, "[r]etroactive legislation presents problems of unfairness that are more serious than those posed by prospective legislation, because it can deprive citizens of legitimate expectations and upset transaction." *Gen. Motors Corp. V. Romein*, 503 U.S.181, 191 (1992). Elementary considerations of fairness dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly; settled expectations should not be lightly disrupted. *Langdraf v. USI Film Products*, 511 U.S. 244, 265 (1994). For that reason, the "principle that the legal effect of conduct should ordinarily be assessed under the law that existed when the conduct took place has timeless and universal appeal." *Kaiser Aluminum & Chemical Corp. V. Bonjorno*, 494 U.S. 827, 850 (1990).

In the instant case, there is no dispute that at the time the tank fabrication company was found to not possess a current business registration and contractor's license the applicable rules and regulations limited fines for violations to no more than $10,000.00. Although P.L. 30-11 was passed just a few days before the initial fine which increased the permissible fines, the violation took place before P.L. 30-11 was passed. Thus, the conduct should have been assessed under the

ORIGINAL

law that existed when the conduct took place because the Petitioner had the opportunity to know the law at that time. Because the CLB fined the Petitioner based on the guidelines set out in P.L. 30-11 its decision and order was not in accordance with law.

## CONCLUSION

Based on the foregoing, the court finds that the CLB erred when it failed to assess the violation with the applicable rules and regulations that limited fines for violations to no more than $10,000.00. Therefore, the court finds that the CLB's decision was not in "accordance with the law" and orders the CLB to vacate its decision to fine the Petitioner $20,000.00. The court also instructs the CLB to reassess the violation in light of Section 1.4 of the Rules and Regulations of the Guam Contractors License Board then in effect.

SO ORDERED, this ____ day of _____ 2012.

Original Signed By:
HON. MICHAEL J. BORDALLO
_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

FEB 17 2012



James R. Borja
Deputy Clerk, Superior Court of Guam

ORIGINAL